| | |
|---|---|
| STATE OF MAINE<br>PENOBSCOT, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. BANSC-CIV-23- |

| | |
|---|---|
| EVELINA MCLAUGHLIN,           ) | |
|       Plaintiff     ) | |
| v.                            ) | COMPLAINT |
| WAL-MART STORES EAST, LP,     ) | |
|       Defendant  ) | |

Plaintiff, through her attorney, hereby states her complaint as follows.

1. Plaintiff Evelina McLaughlin is a resident of Gloucester, Gloucester County, Virginia.

2. Defendant Wal-Mart Stores East, LP, is a foreign limited partnership authorized to do business in the State of Maine with a place of business in Brewer, Penobscot County, Maine.

3. Defendant has employed more than 500 employees in each of 20 or more calendar weeks from 2018 through 2023.

4. Plaintiff was employed by Defendant in its Brewer, Maine location from 2003 to 2021.

5. Plaintiff has complied with the procedural prerequisites for filing this Complaint, having filed a Charge of Discrimination with the Maine Human Rights Commission (MHRC) and the Equal Employment Opportunity Commission (EEOC) and both entities having dismissed the Charges, with the MHRC dismissing pursuant to 5 M.R.S. § 4621 and the EEOC adopting the MHRC's finding.

### Count 1 – Disability Discrimination/Failure to Accommodate

6. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if set forth at length therein.

1

7. While working for Defendant, Plaintiff underwent two surgeries to treat varicose veins in her legs and cracked her L4 vertebra while lifting a box at work. As a result of both of these conditions, Plaintiff was given work restrictions by her doctor which limited her ability to stand for long periods of time and limited her lifting capabilities.

8. At all times relevant to this Complaint, Plaintiff had a disability within the meaning of 5 M.R.S. § 4553-A(1)(A) and 42 U.S.C. § 12102(1)(A).

9. At all times relevant to this Complaint, Plaintiff had a record of a disability within the meaning of 5 M.R.S. § 4553-A(1)(C) and 42 U.S.C. § 12102(1)(B).

10. At all times relevant to this Complaint, Plaintiff was regarded as having a disability within the meaning of 5 M.R.S. § 4553-A(1)(D) and 42 U.S.C. § 12102(1)(C).

11. During Plaintiff's employment, Defendant repeatedly asked Plaintiff to work in a different position at the store that was incompatible with her working restrictions and disciplined her when she declined to do so. In so doing, Defendant failed to provide reasonable accommodations for Plaintiff's disabilities in violation of the Americans with Disabilities Act (ADA) and the Maine Human Rights Act (MHRA).

12. Defendant took an adverse employment action against Plaintiff by terminating her employment because of her disabilities in violation of the ADA and the MHRA.

13. Plaintiff suffered a financial and human loss as a result of Defendant's actions and is entitled to damages.

14. Defendant's conduct in failing to accommodate Plaintiff's disabilities and terminating her employment because of her disability was intentional and done with reckless indifference to Plaintiff's rights under the ADA and the MHRA, entitling Plaintiff to a jury trial and to recover compensatory and punitive damages under each Act.

Case 1:23-cv-00435-LEW   Document 2-5   Filed 11/27/23   Page 3 of 4    PageID #: 18

WHEREFORE, Plaintiff seeks such damages as will make her whole, including compensatory and punitive damages, back pay, reinstatement or front pay, interest, costs, reasonable attorneys' fees and expenses, and such other and further relief as may be just and equitable in the premises.

Count II – Whistleblower Discrimination

15. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if set forth at length therein.

16. Prior to her termination, Plaintiff reported to management at Defendant's Brewer store that the company was refusing to accommodate her disabilities, which was a violation of the MHRA and the ADA and which would put her health and safety at risk.

16. On or about March 17, 2021, Plaintiff reported to Defendant's agent that it used for employee complaints, the Apex Harassment Hotline, that Defendant was refusing to accommodate her disabilities and that she had been disciplined, and was facing future discipline, for declining to work in a different position and declining to perform tasks that were incompatible with her medical restrictions. The Apex representative with whom Plaintiff spoke said that he would start an investigation and raise these issues with Defendant's management at the Brewer store.

17. Three days later, on March 20, 2021, Defendant terminated Plaintiff's employment.

18. Defendant took an adverse employment action against Plaintiff because Plaintiff, acting in good faith, reported what she had reasonable cause to believe was a violation the Maine Human Rights Act and the Americans with Disabilities Act, as well as a condition or practice that would put her own health and safety at risk. This adverse employment action was taken in

violation of the Maine Whistleblowers' Protection Act (MWPA), 26 M.R.S. § 833 and the Maine Human Rights Act, 5 M.R.S. § 4551, *et seq.*

19. Plaintiff suffered a financial loss and a human loss as a result of Defendant's action and is entitled to damages.

20. Defendant's conduct was intentional, entitling Plaintiff to compensatory damages and a jury trial.

21. Defendant's conduct was willful and done with reckless indifference to Plaintiff's rights under the MWPA and the MHRA, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff seeks such damages as will make her whole, including compensatory damages, punitive damages, back pay, reinstatement and/or front pay, together with interest, costs, and reasonable attorneys' fees and expenses, all as provided by law.

9/21/2023
Date

Erik M.P. Black, Esq., Bar No. 4733
Gilbert Law Offices
88 Hammond Street, Suite 321
Bangor, Maine 04402-2339
Tel. (207) 947-2223
empb@yourlawpartner.com
service@yourlawpartner.com
Attorney for Plaintiff